JNO. MILLER SURV. FOR USE OF ASSIGNEES VS. JOSEPH THORN
SURVG. CO-PARTNER.

S. was a co-partner with M. under the firm of M. & S., and with T. under the style of S. & T. :
after the death of S., M. as surviving co-partner of M. & S., sued T. at common law, as sur-
viving co-partner of S. & T., upon transactions which had been held between the two firms in
the life time of S.—*held*, that such action could not be maintained.

As a general rule, one partner cannot sue another at common law.

The same person cannot be plaintiff and defendant in the same suit, at common law.

### By CHARLTON, Judge.

THIS is a motion for a new trial, upon the following grounds:

1st. Because a certain book of accounts, said to be a book of accounts of *Stoutenburgh and Thorn*, was permitted to be given in evidence to the Jury, without notice to the defendant, to produce his books.

2nd. Because, the entries in said book were admitted as evidence of certain items in the plaintiff's account, when it appeared that higher and better evidence could and ought to have been produced in support of such items.

3d. Because it was made to appear by evidence adduced by the defendant that the plaintiff and the said defendant, were co-partners in relation to the transactions which were the foundation of the action, and therefore the said Court as a Court of law, ought not to have entertained jurisdiction of the case.

4th. Because it appears from the record that the transactions which were the foundation of the action accrued between the plaintiff and one *B. B. Stoutenburgh*, as co-partners, under the firm of *Miller & Stoutenburgh*, and the defendant, and the said *B. B. Stoutenburgh*, co-partners, under the firm of *Stoutenburgh & Thorn*, under which circumstances the said Court, as a Court of law, ought not to have entertained jurisdiction of the cause.

5*th.* Because the verdict of the Jury, is contrary to evidence and the principles of justice and equity.

I have held this case under advisement for several days, and have experienced much difficulty in forming an opinion upon any one of the grounds stated.

The difficulty has been greatly increased, by the reverence it is my duty to pay to a special Jury, clothed as they are in appeal cases, with such ample, and almost plenary powers, under the judicial Act of Georgia. Satisfied in any case that this verdict of a special and enlightened Jury (as the one rendering the verdict, was,) is founded on the principles of justice and equity, I would with great caution, award a new trial, upon what are called *apices judices.* In this case, I dismiss from my consideration, all the reasons assigned why the Court should grant a new trial, except the fourth,—and if the record does proclaim what it is said to do, this Court, as a Court of law, ought not to have entertained jurisdiction of the cause.

It is a fundamental principle, that one partner cannot sue another, in a common law tribunal, with one or two exceptions to the principles stated by Mr. *Harris* in his argument, and which cannot apply to this case.

This action is brought by *John Miller,*—" who hath survived one *Benjamin B. Stoutenburgh,* now deceased, who in his life time, together with the said *John,* traded as merchants, and co-partners, under the firm of *Miller & Stoutenburgh,* for the use, &c.

Then the petition sheweth : " That *Joseph Thorn,* of the said " county of Chatham, who hath survived one *Benjamin B. Stout-* " *enburgh,* is indebted to your petitioner (the plaintiff,) as survi-" ving co-partner of the aforesaid *Benjamin B. Stoutenburgh.*" Is this " *Benjamin B. Stoutenburgh aforesaid,*" the " *one Benja-min B. Stoutenburgh*" alleged to have been the co-partner of the

plaintiff? or does the grammatical construction, and technical phraseology of the declaration, refer simply to the "*one Benjamin B. Soutenburgh*," who was the co-partner of the defendant *Thorn?* These queries present the difficulty, with which I have had to contend. It was said by Mr. *Habersham*, that the language of the record did not announce *B. B. Stoutenburgh*, the co-partner of *Miller*, as the same *Stoutenburgh*, whom *Thorn* had survived. There is certainly much strength and plausibility in the suggestion, particularly as the term "aforesaid" may very grammatically and sensibly point and refer to the *Benjamin B. Stoutenburgh* who was the co-partner of *Thorn*—without carrying the connexion to the *B. B. Stoutenburgh* who was the co-partner of *Miller*. On the other part, the term "aforesaid" may refer to the *B. B. Stoutenburgh* who was the co-partner of *Miller;* and the strong and almost irresistible presumption is, that the aforesaid "*one B. B. Stoutenburgh*," whom *Thorn* survived, is the identical "*one B. B. Stoutenburgh*," whom *Miller* survived. With all my anxiety that this verdict should stand, because I believe it is founded in principles of justice and equity, I have in vain endeavored to remove from my mind the conviction, impressed upon it by the record, that the *B. B. Stoutenburgh*, who was the co-partner of *Miller*, was also the co-partner of *Thorn.* If this is the fact, (and it appears so from the record, and may be more strongly confirmed by another investigation,) the unity of interest which exists between co-partners—their *my et per tout* seizure, render this substantially a suit by *Stoutenburgh*, against *Stoutenburgh*—and if so, it exhibits the singular spectacle of a man suing himself—and carries in its bosom that self-immolating principle, which deprives this Court of a common law jurisdiction; and if this is not the forum for the contest between the parties, I am bound to take notice of it, in whatever form it may present itself.

With these impressions, and because the preponderance of my belief is, that *B. B. Stoutenburgh*, of the firm of *Miller & Stout-*

*enburgh*, was the **B. B. Stoutenburgh**, of the firm of *Stoutenburgh & Thorn*—and therefore, in sustaining this action, I authorize one partner to sue another, before a common law tribunal, (this case not falling within any of the exceptions, that allow such litigation,) I am of the opinion that a new trial ought to be granted.

New trial ordered.

HARRIS, for the motion—HABERSHAM & BERRIEN, against it.